IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TAMARA BROWN                                                                                          PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:20-cv-00261-NBB-JMV

CORY USELTON,
DESOTO COUNTY SCHOOL DISTRICT,
DESOTO COUNTY SCHOOL BOARD,
SHANE JONES, ANNIE MARTIN,
NATASHA WILLIAMS, ROBERT WILKIE,
AMBER MELTON, AND AMERITA TELL                                            DEFENDANTS

## ORDER

This cause comes before the court for entry of an order allowing the *pro se* plaintiff, Tamara Brown, additional time to comply with Rule 4 of the Federal Rules of Civil Procedure to effect proper service of process on the defendants in this action. Plaintiff served defendants' counsel in this matter, which is improper. Counsel's Notice of Appearance explicitly states that defendants did not waive "any affirmative defenses, including, but not limited to, jurisdiction, venue, or service of process." [Doc. 5]. While federal courts in this circuit generally allow some procedural leeway to *pro se* litigants, such litigants are not absolved from compliance with the requirements of Rule 4. *System Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (noting that *pro se* status does not excuse a litigant's failure to effect service).

It is the plaintiff's responsibility to discover a defendant's proper agent for service and the correct address and to provide that information to the clerk's office for preparing summons, so that service of plaintiff's complaint and summons may issue. *See Hancock v. Cothern*, No. 3:10-cv-173-LRA, 2010 WL 4665567, at *2 n.12 (S.D. Miss. Nov. 9, 2010) (noting that it is plaintiff's ultimate responsibility to locate defendant's current address and that failure to have defendant served properly may result in dismissal of the complaint).

Defendants DeSoto County School District and its Board constitute a political subdivision of the State of Mississippi. Federal Rule of Civil Procedure 4(j)(2)(A) provides that such a governmental organization should be served by "delivering a copy of the summons and of the complaint to its chief executive officer." Fed. R. Civ. P. 4(j)(2)(A). Here, the District's chief executive officer is its superintendent, defendant Cory Uselton. The Board's chief executive officer is its chairperson, Michele Henley, according to defendants' counsel. The District and Board have not waived proper service of process, and their counsel has not been designated as their agent to receive process and did not have authority to accept service on behalf of the District and Board. Likewise, the individual defendants have not been properly served. The court directs the plaintiff to Rule 4(e)(2) of the Federal Rules of Civil Procedure for proper service of an individual.

Accordingly, the plaintiff shall, within fourteen days hereof, provide to the clerk of court an address where each defendant may be served; and for any entity that is not a natural person, the plaintiff shall also name the entity's agent for service of process. Upon receipt of the aforesaid information, the clerk shall issue process for the defendants, and the U.S. Marshal Service shall serve process in accordance with 28 U.S.C. § 1915. The plaintiff's failure to comply with this order will subject the plaintiff's case to dismissal.

**SO ORDERED AND ADJUDGED** this 28th day of January, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT COURT