IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TAMARA BROWN                                                                    PLAINTIFF

V.                                                     CIVIL ACTION NO. 3:20-cv-261-NBB-JMV

CORY USELTON, SUPERINTENDENT;
DESOTO COUNTY SCHOOLS;
DESOTO COUNTY SCHOOL BOARD;
SHANE JONES, PRINCIPAL; ANNIE
MARTIN; NATASHA WILLIAMS;
ROBERT WILKIE; AMBER MELTON;
AND AMERITA TELL                                          DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(4) for insufficient service of process, Rule 12(b)(6) for failure to comply with the notice requirements of the Mississippi Tort Claims Act, and for failure to prosecute and failure to comply with this court's orders pursuant to Federal Rule of Civil Procedure 41(b).

The plaintiff, Tamara Brown, attempts to bring suit, pro se, on behalf of her minor daughter, Z.H. Z.H. was a student at Southaven High School, located in the DeSoto County School District. According to the plaintiff, Z.H. suffers from several disabling physical conditions, and though it appears Z.H. received some level of support or assistance for these physical conditions, the plaintiff alleges she qualified for and needed further support and assistance that she did not receive. Z.H. graduated from Southaven High School at some point prior to June 2020 and received less than expected collegiate opportunities. The plaintiff asserts, inter alia, that the defendants' alleged violations of the Individuals with Disabilities Education

Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA") and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* ("Section 504") are responsible for Z.H.'s reduced opportunities for higher education.

All defendants except Dr. Amerita Tell moved to dismiss for lack of sufficient service of process as well as failure to comply with the notice requirements of Miss. Code Ann. § 11-42-11. Dr. Tell, who is a Bureau Director with the Office of Special Education in the Mississippi Department of Education, moved to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, citing Eleventh Amendment immunity, and 12(b)(6) for failure to state a claim. The plaintiff filed no responses to the motions.

The court then entered an order requiring the plaintiff to provide the clerk of court with addresses where each defendant may be served and the names of the agent for service of process for the entities that are not natural persons. The plaintiff was allowed fourteen days from the January 28, 2021 order within which to comply, but she failed to do so.

All defendants, including Dr. Tell, subsequently filed their Rule 41(b) motions to dismiss for lack of prosecution and failure to comply with the court's orders. Rule 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The plaintiff filed no responses to these motions but instead filed a "Request with the Court to Receive Documents by Mail" on March 4, 2021. The court ordered the clerk to send all previously filed documents to the plaintiff and allowed the plaintiff an additional fourteen days to respond to any motions previously filed.

The plaintiff ultimately responded to the DeSoto County defendants' motions to dismiss by simply alleging that she provided addresses to the court and that she had been advised by the clerk of court that all parties had been served in this case, though this assertion is inaccurate, as

the defendants have still not been properly served. The plaintiff's responses to Dr. Tell's motions were slightly more substantive but addressed none of the deficiencies set forth by Dr. Tell. The court therefore finds that dismissal is proper under Rule 12(b)(1), Rule 12(b)(4), Rule 12(b)(6), and Rule 41(b). The plaintiff wholly failed to address her non-compliance with the notice requirements of Miss. Code Ann. § 11-42-11, and dismissal is warranted on that ground as well.

Accordingly, the court finds that the defendants' motions to dismiss are well taken and should be granted. A separate order in accord with this opinion will issue this day.

This 22nd day of September, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE